# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LOUISE BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1883 CEJ |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded to the motion, and defendant has filed its reply brief in support. For the following reasons, the Court will deny defendant's motion and appoint counsel on plaintiff's behalf.

## Background

This is an action alleging employment discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, et seq and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. Plaintiff alleges in her pro se complaint that as the result of her alleged disability, which she identifies as asthma, she was harassed, discriminated and retaliated against in the terms and conditions of her

employment. Plaintiff has attached to her complaint a three page single-spaced sampling of specific instances in which she believes her rights were violated.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. The Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 560 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) quoting Twombly, 550 U.S. at 555-56 & n.3. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 556; Fed. R. Civ. P. 8(a)(2). In addition, the Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 127 S. Ct. at 2200 (quoted case omitted).

**Discussion**

Defendant moves to dismiss plaintiff's disability discrimination, failure to accommodate and harassment claims on the grounds that plaintiff is not a "qualified individual with a disability" under the meaning of the ADA and/or the Rehabilitation Act. In support of its argument, defendant claims that because plaintiff mentions only eight asthma attacks in the complaint, her "episodic asthma attacks" cannot form the basis for a disability. Additionally, defendant seeks to dismiss plaintiff's retaliation claim because she "is unable to establish" that she suffered an adverse employment

action; nor can she establish that she believed that defendant's conduct violated the ADA.[1]

To obtain relief under the ADA, a plaintiff must show that she "(1) has a 'disability' within the meaning of the ADA, (2) is a 'qualified individual' under the ADA, and (3) 'suffered an adverse employment action as a result of the disability.'"[2] Fenney v. Dakota, Minn. & Eastern R. Co., 327 F.3d 707, 711 (8th Cir. 2003) quoting Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 490 (8th Cir. 2002).

Defendant's argument imposes a heightened pleading standard under which plaintiff would have to plead the elements of her prima facie case in order to survive a Rule 12(b)(6) motion and suggests that defendant is moving for summary judgment on the basis of the complaint alone. Changes in the pleading requirements in federal court as a result of Twombly do not impose a requirement on employment

---

[1] Defendant suggests that because the ADA Coordinator employed by defendant erroneously told plaintiff that her asthma was not protected under the ADA that she could "not have a reasonable belief after September 2007 that any alleged conduct after that date violated the ADA."

[2] The same analysis is applied to claims brought under the Rehabilitation Act and "cases interpreting these acts are interchangeable." Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 868 (8th Cir. 2008). The sole exception to this rule is that "...the Rehabilitation Act imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." Peebles v. Potter, 354 F.3d 761, 766-67 n.4-5 (8th Cir. 2004) (emphasis in the original).

discrimination plaintiffs to plead all facts related to each of the prima facie elements used in the McDonnell Douglas framework.[3] In cases decided following Twombly, courts have consistently ruled that a plaintiff need not plead prima facie facts in the employment discrimination context. See, e.g., Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008); Lindsay v. Yates, 498 F.3d 434, 439-40 (6th Cir. 2007); Harris v. Missouri Dep't of Mental Health, 2009 WL 152105, *2 (E.D. Mo. Jan. 21, 2009); Nordwald v. Kelly Services, Inc., No. 4:08-CV-221 CEJ, 2008 WL 2486039, *2 (E.D. Mo. June 25, 2008). An employment discrimination plaintiff need only give the defendant "fair notice" of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz, 534 U.S. at 514. Plaintiff is certainly not required to articulate *in her complaint* each and every instance that her alleged disability affected her work life or the facts surrounding each and every perceived act of harassment or retaliation.

Moreover, defendant's characterization of plaintiff's complaint construes the facts alleged and substantial inferences based thereon, in defendant's favor. When liberally construed, plaintiff's complaint contains adequate factual allegations to support her disability discrimination claims at the pleading stage of the litigation. On a motion to dismiss, the Court must accept as true all of the facts alleged in the complaint, and liberally construe it in the pro se plaintiff's favor. When the complaint

---

[3]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

is viewed using the appropriate standard, the Court finds that defendant has failed to meet its burden to establish that the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 560. Plaintiff will be allowed the opportunity to articulate in discovery, and provide supporting documentation evidencing, just how and why she believes herself to be disabled and limited in one or more major life activities.

## Motion for Appointment of Counsel

In her response to defendant's motion, plaintiff moves for the appointment of counsel to assist in the prosecution of this case. The appointment of counsel for an indigent plaintiff in an Americans with Disabilities Act lies within the discretion of the Court. Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citations omitted). Three factors are generally considered relevant in evaluating a motion for appointment of counsel: (1) the plaintiff's in forma pauperis status; (2) the plaintiff's good faith efforts to secure counsel; and (3) whether plaintiff has established a prima facie claim of discrimination in the pleadings. See Slaughter v. City of Maplewood, 731 F.2d 587,

590 (8th Cir. 1984). The Court then attempts to evaluate the plaintiff's capacity to present the case adequately without aid of counsel. See In re Lane, 801 F.2d at 1043.

Plaintiff's financial affidavit establishes her in forma pauperis status. Plaintiff's asserts that she has been unable to retain counsel despite good faith efforts to do so. Finally, giving plaintiff's complaint the liberal construction due to pro se pleadings it appears plaintiff has alleged a nonfrivolous prima facie case of discrimination. Having considered these factors, the Court concludes plaintiff and the Court would benefit from the assistance of counsel, as the legal issues presented in ADA matters can be complex. Plaintiff's request will therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel is **granted**. Counsel will be appointed by separate order.

Dated this 24th day of June, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE